UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                          :    Chapter 11

BWP GAS, LLC                                   :
HBA GAS, INC.                                       Bankruptcy No. 05-18754
                        Debtors                :    Bankruptcy No. 05-18753

...................................................

ORDER

...................................................

AND NOW, this 1st day of February 2006, for the reasons stated in the

accompanying memorandum, it is hereby ordered that the debtors' challenges to the

standing of GHK Company, LLC, to prosecute its motions to dismiss these chapter 11

cases, pursuant to 11 U.S.C. § 1112(b), are denied.  The request of GHK for sanctions

against the debtors in the form of counsel fees and expenses is also denied.

It is further ordered that evidentiary hearings on GHK's motions to dismiss

shall take place on February 27, 2006 at 11:00 a.m., in Bankruptcy Courtroom #2.[5]

It is also ordered that the hearings by which the debtors seek approval of

their disclosure statements, presently scheduled for February 13, 2006 at 11:00 a.m., are

postponed until February 27, 2006 at 11:00 a.m.

_____
BRUCE FOX
United States Bankruptcy Judge

---

[5]Unless all parties so agree, all witnesses must appear, testify and be subject to
cross-examination.  Declarations will not be admitted into evidence.  See Fed. R. Bankr. P. 9017
(incorporating, inter alia, Fed. R. Civ. P. 43(e)).  Depositions may be used, but only as permitted
by Fed. R. Bankr. P. 7032.

copies to:

Allen B. Dubroff, Esq.
Jaffe, Friedman, Schuman, Nemeroff,
Applebaum & McCaffery, P.C.
7848 Old York Road, Suite 200
Elkins Park, PA 19027

Howard Gershman, Esq.
Flamm Boroff & Bacine, P.C.
794 Penllyn Pike
Blue Bell, PA 19422

Kevin Callahan, Esq.
Office of the United States Trustee
833 Chestnut Street, Suite 500
Philadelphia, PA 19107

B. Townsend, Courtroom Deputy

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re                                    :    Chapter 11

BWP GAS, LLC                             :
HBA GAS, INC.                                 Bankruptcy No. 05-18754
                    Debtors               :    Bankruptcy No. 05-18753

...............................................

MEMORANDUM

...............................................

GHK Company, LLC, has filed separate but identical motions to dismiss

these two related chapter 11 bankruptcy cases, pursuant to 11 U.S.C. § 1112(b), alleging

that both were filed in bad faith. See generally In re Integrated Telecom Express, Inc.,

384 F.3d 108 (3d Cir. 2004). The debtors have filed identical answers opposing these

motions, contending that their chapter 11 petitions were filed in good faith. Prior to the

evidentiary hearing on these contested matters, the debtors moved to dismiss the instant

motions for lack of standing, based upon the failure of GHK to file a proof of claim in

either of the cases.

The standing of a party to proceed is a precondition for the exercise of

jurisdiction by any federal court, and may be considered at any time. See generally Qwest

Communications International, Inc. v. F.C.C., 240 F.3d 886, 891 (10th Cir. 2001);

Pashaian v. Eccelston Properties, Ltd., 88 F.3d 77, 82 (2d Cir. 1996). Thus, I requested

that the parties address this issue at the outset of these disputes.

The debtors and GHK then submitted thoughtful memoranda addressing the

standing question as it was posed at the time the dismissal motions were to be heard.

That question, as framed by the parties, is whether an entity listed as a disputed creditor

on the debtor's bankruptcy schedules, but who had not filed a proof of claim, is deprived

of standing to seek dismissal under section 1112(b) of the Bankruptcy Code.

The debtors, relying upon reasoning found in decisions such as In re E.S.

Bankest, L.C., 321 B.R. 590 (Bankr. S.D. Fla. 2005), contend that such an entity has no

standing. GHK, relying upon decisions such as In re Stamford Color Photo, Inc., 105

B.R. 204, 206 (Bankr. D. Conn. 1989), maintains that such an entity, by choosing not to

file a claim, may lose the right to receive any distributions from estate property but, as the

disputed claim may still be discharged in bankruptcy, has standing to seek dismissal of

the case.

This standing controversy, indeed the motions to dismiss themselves, are

but a tributary of an earlier controversy.

GHK and BWP were parties to an agreement involving oil and gas wells in

Oklahoma. GHK brought suit against BWP, HBA and others in Oklahoma state court

asserting breach of contract and seeking to obtain shares of stock in an entity known as

Endeavour. The defendants, who have asserted counterclaims, thereupon embarked upon

varied attempts to remove that litigation to a federal forum; and GHK employed counter-

measures in order to ensure that its claims are litigated in Oklahoma state court.

This long-standing contest over the appropriate forum quickly surfaced in

this bankruptcy court. Shortly after filing its bankruptcy case, BWP commenced an

adversary proceeding against GHK which, inter alia, incorporated its pre-bankruptcy

counterclaims. GHK then requested that I abstain under 28 U.S.C. § 1334(c). I granted

that request and BWP has appealed to the District Court from my transfer order, which

appeal is pending.

2

GHK likely believes that its chances of avoiding litigating in federal court will increase if these bankruptcy cases are dismissed. The debtors clearly believe the contrary. Moreover, at the time of the dismissal hearings, GHK had refrained from filing any proof of claim in these bankruptcy cases for fear that doing so would submit it to this court's jurisdiction and thus improve BWP's efforts to avoid litigating in Oklahoma state court. BWP possibly concurs in this analysis and may be raising the standing issue to prod GHK to file a proof of claim.

Whether the parties' fears and beliefs are accurate need not now be considered. Nor if the true dispute lies between Endeavour and GHK, need I determine whether the instant controversy surrounding standing and dismissal is even significant.

By virtue of an order issued in this court dated December 16, 2005, GHK was given a deadline of January 31, 2006 to file its proofs of claims. Perhaps prodded by this standing issue, GHK has just done so, filing general unsecured claims of $11,750,000. The timely filing of those proofs of claims clarifies the standing analysis.

By virtue of section 1112(b), only a "party in interest" may seek dismissal of a chapter 11 bankruptcy case. See generally In re Abijoe Realty Corp., 943 F.2d 121, 124-25 (1st Cir. 1991). If GHK is not a party in interest for purposes of section 1112(b), then it would have no standing to prosecute its dismissal motions. See, e.g., Matter of Rimsat, Ltd., 193 B.R. 499 (Bankr. N.D. Ind. 1996); cf. Official Committee of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery, 330 F.3d 548 (3d Cir. 2003) (discussing the concept of derivative standing in chapter 11).

This phrase "party in interest" is not defined by section 101 of the Bankruptcy Code. See, e.g., In re Peachtree Lane Associates, Ltd., 188 B.R. 815, 824

3

(N.D. Ill. 1995) ("Despite the fact that the term 'party in interest' appears in well over 30

Bankruptcy Rules and over 40 sections of the Bankruptcy Code, neither the Code nor the

Rules define the term."). The legislative history of the Bankruptcy Code suggests that

this absence was intentional. See In re River Bend-Oxford Assocs., 114 B.R. 111, 113

(Bankr. D. Md. 1990):

> This lack of precise definition was intentional. Congress'
> failure to define party in interest specifically was discussed by
> both Senator DeConcini and Representative Edwards during
> the proceedings preceding the enactment of the Bankruptcy
> Code of 1978. Senator DeConcini stated: "Rules of
> bankruptcy procedure or court decisions will determine who
> is a party in interest for the particular purposes of the
> provision in question." 124 Cong.Rec. S17407 (daily ed. Oct.
> 6, 1978); see id. at H11090 (daily ed. Sept. 28, 1979) (similar
> remarks of Rep. Edwards)[.]

In determining whether a defendant in an adversary proceeding was a party

in interest for purposes of seeking a change of venue of the entire chapter 11 bankruptcy

case, one court observed:

> Determining whether a given party is a "party in interest" is a
> recurring problem in the bankruptcy arena. The determination
> calls for a case by case analysis, In re Amatex Corp., 755 F.2d
> 1034, 1042 (3d Cir. 1985), that takes into consideration, as
> Senator DeConcini put it, "the particular purposes of the
> provision in question." As one bankruptcy court has observed
> explicitly, "An entity may be [a] real party in interest and have
> standing in one respect while he may lack standing for
> another purpose." In re Ofty Corp., 44 B.R. 479, 481 (Bankr.
> D. Del. 1984); see also In re River Bend-Oxford Assocs., 114
> B.R. 111, 113 (Bankr. D. Md. 1990) ("Party in interest is an
> expandable concept depending on the particular factual
> context in which it is applied.... [A] determination whether an
> entity qualifies as a party in interest should be made within
> the specific reorganization process context for which the
> determination is sought."). The determination also calls for a
> delicate balancing of competing considerations. On the one
> hand, courts and commentators have recognized that the term
> should be broadly construed so as to allow all parties affected

4

by a chapter 11 proceeding to be heard, see, e.g., In re Amatex
Corp., 755 F.2d 1034, 1042 (3d Cir. 1985); In re Wolf Creek
Valley Metropolitan Dist. No. IV, 138 B.R. 610, 615 (D.
Colo. 1992); In re River Bend-Oxford Assocs., 114 B.R. 111,
116 (Bankr. D. Md. 1990) ("the concept of party in interest
under the Bankruptcy Code for purposes of participation in
the reorganization process should be interpreted flexibly to
insure fair representation of all significantly impacted
constituencies"); In re UNR Indus., Inc., 71 B.R. 467, 471 n.
9 (Bankr. N.D. Ill. 1987); In re Cash Currency Exchange, Inc.,
37 B.R. 617, 628 n. 10 (N.D. Ill. 1984); In re Int'l Oriental
Rug Ctr., Inc., 165 B.R. 436, 439 (Bankr. N.D. Ill. 1994); In
re Johns-Manville Corp., 36 B.R. 743, 754 (Bankr. S.D.N.Y.
1984) ("[T]he concept of 'party in interest' is an elastic and
broad one designed to give the Court great latitude to insure
fair representation of all constituencies impacted in any
significant way by a chapter 11 case."), aff'd, 52 B.R. 940
(S.D.N.Y. 1985); 5 Collier On Bankruptcy ¶ 1109.02, at
1109-27 (15th ed. 1994) ("COLLIER"); yet, as one court
noted, "[o]verly lenient standards may potentially over-burden
the reorganization process by allowing numerous parties to
interject themselves into the case on every issue, thereby
thwarting the goal of a speedy and efficient reorganization. . .
. Granting peripheral parties status as parties in interest
thwarts the traditional purpose of bankruptcy laws which is to
provide reasonably expeditious rehabilitation of financially
distressed debtors with a consequent distribution to creditors
who have acted diligently." In re Ionosphere Clubs, Inc., 101
B.R. 844, 850-51 (Bankr. S.D.N.Y. 1989) (internal quotation
marks omitted); see also In re Public Service Co. of New
Hampshire, 88 B.R. 546, 554 (Bankr. D.N.H. 1988) ("it is ...
important that the court take care not to be so liberal in
granting [party in interest and/or intervenor] applications as to
over-burden the reorganization process by allowing numerous
parties to interject themselves into the case on every issue, to
the extent that the goal of a speedy and efficient
reorganization is hampered.").

In re Peachtree Lane Associates, Ltd., 188 B.R. at 824-25.

Without an all inclusive statutory definition, courts must determine who are

parties in interest in a given bankruptcy dispute on a case by case basis. See, e.g., In re

Amatex Corp., 755 F.2d 1034, 1042 (3d Cir. 1985). The absence of a definition,

however, does not render the question completely open-ended, nor subject to court

discretion. In chapter 11 cases, section 1109(b) provides that a party in interest

"includ[es] the debtor, the trustee, a creditors' committee, an equity security holders'

committee, a creditor, an equity security holder, or any indenture trustee[.]"[1]

   In general, the bankruptcy statute must be construed as written. See, e.g.,

Lamie v. U.S. Trustee, 540 U.S. 526, 533-34 (2004); United States v. Ron Pair

Enterprises, Inc., 489 U.S. 235, 241-42, (1989). The Third Circuit Court of Appeals has

instructed that this approach to statutory construction must be followed when applying

section 1109(b). See Matter of Marin Motor Oil, Inc., 689 F.2d 445 (3d Cir. 1982).

Since the term "creditor" is mentioned in section 1109(b) as a party in interest, and

section 1112(b) permits a party in interest to seek dismissal of a chapter 11 case, then

clearly any creditor of the debtor will have standing to seek dismissal of a chapter 11

petition. See, e.g., In re Sullivan Central Plaza I, Ltd., 935 F.2d 723, 726 (5th Cir. 1991).[2]

---

[1]The use of the word "including" in the statute renders this listing non-exhaustive.
11 U.S.C. § 102(3); see In re Combustion Engineering, Inc., 391 F.3d 190, 214 n. 21 (3d Cir.
2004); In re Amatex Corp., 755 F.2d at 1042.

 [2]I observe that some courts have concluded that, for certain types of bankruptcy
disputes, even a non-creditor may in certain instances be a party in interest with standing to seek
relief. See, e.g., In re Peachtree Lane Associates, Ltd., 188 B.R. at 828 (non-creditor/defendant
was a party in interest for purposes of challenging the venue of the case); In re Wells, 227 B.R.
553 (Bankr. M.D. Fla. 1998) (putative pre-bankruptcy purchaser of debtor's property has
standing to seek dismissal of bankruptcy case). In other instances, courts have held that the non-
creditor does not have standing. See In re O'Brien Environmental Energy, Inc., 181 F.3d 527,
530-31 (3d Cir. 1999) (prospective purchaser of debtor's assets at a bankruptcy sale had no
standing to appeal order not approving sale); In re Rook Broadcasting of Idaho, Inc., 154 B.R.
970, 974 (Bankr. D. Idaho 1993) (prospective purchaser of debtor's assets does not have standing
to object to a chapter 11 disclosure statement or plan); Southern Blvd., Inc. v. Martin Paint
Stores, 207 B.R. 57 (S.D.N.Y. 1997) (tenant in the same commercial building as the
debtor/lessee, had no standing to oppose the debtor's motion to assume its lease).
  These various decisions demonstrate that the application of the "party in interest"
(continued...)

The term "creditor" is defined by 11 U.S.C. § 101(10)(A) as an "entity that
has a claim against the debtor that arose at the time of or before the order for relief
concerning the debtor." Since section 301 of the Code provides that the filing of a
voluntary bankruptcy petition constitutes an order for relief, a creditor is simply an entity
that holds a pre-bankruptcy claim. The term "claim" is defined by section 101(5)(A) as a
"right to payment, whether or not such right is reduced to judgment, liquidated,
unliquidated, fixed, contingent, matured, unmatured, *disputed*, undisputed, legal,
equitable, secured, or unsecured[.]" (Emphasis added). See generally In re Abijoe Realty
Corp., 943 F.2d at 125.

GHK observes that both debtors' schedules list it as an unsecured creditor
holding a disputed claim. Debtors' Schedules F. Moreover, GHK has now timely filed
proofs of claims in both cases. It is well accepted that an entity holding a disputed claim
against a debtor is a creditor who is a party in interest with standing to seek dismissal of a
bankruptcy case:

> The arguments marshalled by Abijoe against Liquidadora's
> standing to request dismissal under Bankruptcy Code §
> 1112(b) present a challenge to the allowability of
> Liquidadora's claim under Bankruptcy Code § 502. The
> matter of claim "allowability" is altogether distinct, however,
> from whether the holder of a claim enjoys creditor status,
> since Bankruptcy Code § 101(4)(A) plainly defines "claim" as
> a "right to payment, whether or not such right is ... disputed,"
> 11 U.S.C. § 101(4)(A). Thus, a "creditor" may move for
> dismissal under Bankruptcy Code § 1112(b), whether or not
> its claim has as yet been allowed. See, e.g., In re Stamford
> Color Photo, Inc., 105 B.R. 204, 206-07 (Bankr. D. Conn.
> 1989) (holder of unsecured claim, scheduled as disputed and
> contingent, who failed to file timely proof of claim, not

_____

[2](...continued)
standard is treated as case specific.

7

> entitled to share in distribution but nonetheless enjoyed §
> 1112(b) standing as "creditor," with "right to payment"); In re
> Welwood Corp., 60 B.R. 319, 321 (Bankr. M.D. Fla. 1986)
> (holder of disputed claim was "creditor," as defined in §
> 101(9)(A), entitled to request § 1112(b) dismissal); cf. In re
> Broshear, 122 B.R. 705, 707 (Bankr. S.D. Ohio 1991)
> (alleged holder of disputed claim was "creditor" within
> meaning of § 101(9)(A), with standing to oppose dismissal).

In re Abijoe Realty Corp., 943 F.2d at 125 (footnotes omitted); see also In re Johnston,

149 B.R. 158, 161 (B.A.P. 9th Cir. 1992) (an entity with a disputed claim has standing to

seek conversion under section 1112(b)).

          In granting a disputed creditor "party in interest status" in a chapter 11 case,

a court does more than simply apply the literal terms of sections 101(5), 1109(b) and

1112(b). It also takes into account the practical consideration that the ultimate

determination of the amount, if any, owed to the entity asserting the disputed claim may

not occur until late in the reorganization process. Unless it is obvious at the outset of the

case that no claim could be allowed, the broad scope of party in interest status justifies

allowing an entity with a disputed claim to participate in a reorganization process that

may affect its interests. See, e.g., In re Abijoe Realty Corp., 943 F.2d at 125.

          The debtor BWP entered into a prepetition agreement with GHK. GHK

contends that debtor HBA is the alter ego of the former entity. In these two bankruptcy

cases, the debtors scheduled GHK as a disputed, unsecured creditor with a claim of $6

million on Schedule F of their respective bankruptcy schedules. The debtors filed their

schedules on July 27, 2005. On July 22, 2005, prior to this filing, GHK had withdrawn its

lawsuit against the debtors in Oklahoma state court. But as this withdrawal was without

prejudice, GHK's claim might be reasserted at a later time. Accordingly, despite the state

court withdrawal, the debtors gave notice that GHK was one of their creditors, albeit with

8

a disputed claim. See In re First Lewis Road Apartments, Inc., 11 B.R. 575 (Bankr. E.D.
Va. 1981) (an entity scheduled as a creditor by the debtor, per se, has standing to seek
dismissal).[3] Moreover, I cannot now conclude that the claims asserted by GHK are
frivolous or wholly without merit.

        The debtors also focused upon GHK's failure to file any proof of claim in
their cases as demonstrating a lack of any stake in the outcome of the cases. Without now
addressing that argument, I note that GHK has indeed filed unsecured proofs of claim
prior to the bar date. Moreover, any claims that GHK possesses against these debtors,
even if disputed, could be discharged in these chapter 11 cases, pursuant to section
1141(d). And a creditor whose claim (albeit disputed, contingent, or unliquidated) could
be discharged by a chapter 11 reorganization has a sufficient stake in the outcome of that
reorganization case to warrant standing for dismissal under section 1112(b).[4] See In re
Stamford Color Photo, Inc., 105 B.R. at 206-07; see also In re Marshall, 298 B.R. 670,
675 (Bankr. C.D. Cal. 2003).

        Accordingly, as GHK is a creditor in this bankruptcy case whose claim may
be discharged, it has standing to prosecute its motions to dismiss. Therefore, the debtors'
challenges to those motions on the basis of standing must be denied.

---

        [3]The debtors argue in their memoranda that they were obligated to list GHK as an
unsecured creditor because creditor status is measured as of the date of the bankruptcy filing,
here June 27, 2005, and GHK did not withdraw its claims against them until weeks after their
cases commenced. If that is correct, then clearly GHK is a creditor and as such, a party in
interest. However, I suspect that if GHK had withdrawn its claims against the debtors with
prejudice, instead of without prejudice, the debtors may not have scheduled that entity as a
creditor.

        [4]The debtors have pending proposed chapter 11 plans that (as they acknowledged
at oral argument) could, if confirmed, result in the discharge of any claims held by GHK against
them.

9

Finally, GHK requests that it be awarded counsel fees and expenses as a sanction against the debtors.

In general, the "American Rule" regarding attorneys' fees in federal court cases, see generally, Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975), is applicable to bankruptcy litigation. See, e.g., Matter of Pro-Snax Distributors, Inc., 157 F.3d 414, 419 (5th Cir. 1998); In re Computer Learning Centers, Inc., 285 B.R. 191, 222 (Bankr. E.D. Va. 2002); In re Jessee, 77 B.R. 59, 61-62 (Bankr. W.D. Va. 1987). Thus, each party in a federal court dispute, including bankruptcy disputes, typically must pay his own counsel fees, regardless of the outcome.

There are exceptions to this general principle. Certain statutes may permit a prevailing party to obtain counsel fees from another party. See, e.g., 11 U.S.C. § 523(d); Fogle v. William Chevrolet/Geo, Inc., 275 F.3d 613 (7th Cir. 2001). One party may agree, by contract or stipulation, to pay the counsel fees incurred by another party. See, e.g., Rolex Watch U.S.A., Inc. v. Crowley, 74 F.3d 716 (6th Cir. 1996); In re Auto Specialties Mfg. Co., 18 F.3d 358 (6th Cir. 1994). In addition, "a court may assess attorneys' fees for the 'willful disobedience of a court order . . . as part of the fine to be levied on the defendant . . .' or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons. . . .'" Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. at 258-59 (quoted citations omitted); accord, e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 45-46 (1991). Thus, a federal court may assess attorney's fees as part of a civil contempt sanction. See, e.g., Chambers v. NASCO, Inc., 501 U.S. at 53-54; Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994).

10

Here, GHK does not refer to any statute or agreement supporting its request for fees and expenses. Nor does GHK suggest that the debtors violated a court order or should be held in civil contempt. It does suggest that the debtors acted in bad faith in raising the standing issue.

Just as I had no basis to conclude that GHK has not made a good faith claim against these debtors, there is also no basis to conclude that these debtors have acted "in bad faith, vexatiously, or wantonly" nor exhibited "a willful and persistent defiance of the law" in raising the standing issue. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. at 258-59; see Straub v. Vaisman & Co., Inc., 540 F.2d 591, 598-99 (3d Cir. 1976); In re Hammett, 28 B.R. at 1018. "[T]he standard for applying counsel fees under the bad faith exception is quite stringent," Keck v. Commercial Union Ins. Co., 758 F. Supp. 1034, 1041 (M.D. Pa. 1991), and has not been established in this contested matter. The decision in In re E.S. Bankest, L.C., offered some support to the debtors' standing challenge, and GHK did not file its proofs of claim until after that challenge was made.

Therefore, an appropriate order shall be entered.

11